BIRMINGHAM FIRE INSURANCE COM-
PANY OF PENNSYLVANIA, a
corporation, Appellant,

v.

Lee SEMON, Jr., and Miriam Semon, hus-
band and wife, et al., Appellees.

No. 25082.

United States Court of Appeals,
Ninth Circuit.

Aug. 24, 1971.

William H. Mays (argued), of Gavin, Robinson, Kendrick, Redman & Mays, Yakima, Wash., for appellant.

John S. Moore, Jr. (argued), of Velikanje, Moore & Countryman, Yakima, Wash., for appellees.

Before HAMLEY, KOELSCH and WRIGHT, Circuit Judges.

KOELSCH, Circuit Judge:

This cause is here on appeal of plaintiff, the Birmingham Fire Insurance Company of Pennsylvania, from a judgment of the United States District Court, for the Eastern District of Washington, declaring that a policy of motor vehicle liability insurance issued by Birmingham to John Gamino, one of the defendants, covered a collision between Gamino's Chevrolet truck-Fruehauf trailer combination and an automobile driven by Lee Semon, Jr.

The dispute stemmed from the fact that the policy did not describe this particular truck and trailer amongst the vehicles listed in its insurance clause, and the additional fact that the policy contained an express provision excluding coverage whenever a covered vehicle was towing a trailer not insured by Birmingham.

Birmingham took the position that the policy did not extend to the truck at all and that, even if it did, the exclusionary clause rendered the policy ineffective at the time of the accident. The District Judge, sitting in the dual capacity of fact finder and arbiter of the law, rejected Birmingham's contention. He concluded that, under controlling Washington law, the Chevrolet truck was a "newly acquired" automobile within a policy provision which extended coverage to "an automobile, ownership of which is acquired by the named insured * * * if (1) it replaces an automobile * * * covered by this policy"; additionally, he ruled that the exclusionary clause was nullified by the endorsement on the policy and certification to the Washington Utilities and Transportation Commission made by Birmingham

to assure compliance with a permit issued Gamino to operate as a common carrier under the laws of Washington.

We assume (without deciding) that the district judge's appraisal of the Washington law, with respect to the construction of the "newly acquired" automobile provision, was correct and hence accept his conclusion that the liability policy did extend to the Chevrolet truck; however, we are satisfied that his further conclusion concerning the exclusionary clause in the policy was erroneous.

On this branch of the case, the pertinent facts are these:

In 1963, Gamino, pursuant to the laws of Washington (R.C.W. 81.80 et seq.) and regulations promulgated thereunder, filed with the Commission his application for reinstatement or reissuance of his permit to operate as a common carrier by motor vehicle. The application was accompanied by "evidence of liability and property damage insurance" as required by Commission Regulation No. 68.[1] This "evidence" consisted of a "uniform endorsement" and a certificate issued by Birmingham. The endorsement (which by Regulation 68 extended the coverage to "each motor vehicle as defined in R.C.W. 81.80.010 used or to be used under the permit granted") reads in part as follows:

> "Endorsement No. 2. It is agreed that: 1. The certification of the policy, as proof of financial responsibility under the provisions of any state or federal motor carrier law or regulations promulgated by any public or federal authority having jurisdiction with respect thereto, amends the policy to provide insurance for automobile bodily injury and property damage liability in accordance with the provisions of such law or regulations to the extent of the coverage and limits of liability required thereby; * * *";

the certificate contains these recitals:

> "This is to certify, that the Birmingham Fire Insurance Company (hereinafter called 'Company') of Pittsburgh, Pennsylvania, has issued to John Gamino of 410 N. Lincoln, Wapato, Washington, Policy No. AC 123730, effective from September 9, 1963, until cancelled, which policy by attachment of the Uniform Motor Carrier Bodily Injury and Property Damage Endorsement provides automobile bodily injury and property damage liability insurance covering the obligations imposed upon such person or organization by the provisions of the motor carrier law of the state in which the Commission has jurisdiction or regulations promulgated in accordance therewith."

The Commission, acting on the application and supporting documents, granted Gamino the following permit:

> "This Is To Certify That Gamino, John M., is authorized to operate motor vehicles as a Common Carrier in the transportation of commodities and in the territory described herein. This permit is issued pursuant to the provisions of Chapter 81.80, R.C.W. and acts amendatory thereof and supplemental thereto.
>
> Intrastate, irregular route, non-radial service as a Seasonal Agricultural Hauler in transportation of Agricultural Commodities consisting of potatoes and sugar beets only from farms to warehouses, railheads and stockpiles for distances of not in excess of 50 miles in Yakima, Grant, Adams, Benton, Kittitas and Franklin Counties and intercounty, for the period June 1 to December 31 only * * *
>
> The Commodities that you haul and the Territory that you cover are governed exclusively by the information shown hereon."

---

1. The pertinent portion of Rule 68 is as follows:

"Within ten days after the date an applicant is notified his application has been granted, and before permit shall be issued, the applicant shall file with the Commission evidence of liability and property damage insurance * * * covering each motor vehicle * * * used or to be used under the permit granted. * * *"

The district judge, in reaching his conclusion concerning the exclusionary clause, recognized that although the accident occurred in April, the common carrier permit was "for the period June 1 to December 31 only. * * *"[2] But in his view, this limitation was immaterial because,

"[I]n order to effect the manifest purpose and policy of the laws of the State of Washington upon the issuance of the policy and endorsement 2 and the filing of the certificate of insurance, the status of defendant Gamino and motor vehicles covered by this policy became fixed, whether or not said motor vehicle, or vehicles, at any particular time were being operated under the permit."

Support for this conclusion was rested upon Dunn v. Bailey, 143 Wash. 570, 255 P. 930 (1927).

However, Dunn is clearly distinguishable from the case at bar. There, the permit, unlike the one here, contained no seasonal or time limitation but simply authorized the permittee to engage in a "jitney bus" business. The Washington Court noted: "No period of time was fixed as the life of the permit nor does the statute provide for any" and that when the accident occurred, the permit to engage in the jitney bus business was "outstanding."

Like the district judge in this case, we too recognize that, under Washington law as reflected in Dunn, Gamino's status as a common carrier became "fixed" upon issuance of the permit; but we disagree with his conclusion that such status was inflexible and thereafter remained unchanged during those periods when the permit was not in force. To the contrary, we conclude that Gamino's status as a common carrier and the obligations and liabilities attending that status, including the requirement of insurance "covering each motor vehicle * * * used or to be used under the permit," must be measured by the terms of the permit and that to hold Gamino to be a "year-round" common carrier is inconsistent not only with the clear language of the permit but unwarranted by the plain provisions of the Washington law and the Commission's regulations.[3] In sum, we conclude that Gamino was not a common carrier at the critical time, that Birmingham's certificate and endorsements were not then in effect and that Birmingham is not precluded from asserting the exclusionary clause contained in its liability policy.

The judgment is reversed.

2. During the "off-season" Gamino carried on a junk business; at the time of the accident the truck and trailer were loaded with a cargo of scrap iron which he was hauling to market to sell for his own account.

3. Washington law recognizes three types of carriers; common carriers, contract carriers and private carriers. R.C.W. 81.80.-010(4) (5) (6). A private carrier is defined as "a person who, in his own vehicle, transports only property owned or being bought or sold by him in good faith and only when such transportation is purely an incidental adjunct to some other established private business owned or operated by him in good faith." At the critical time Gamino came within this category.

The only jurisdiction in the Commission with reference to insurance concerns the vehicles operated as common and contract carriers (R.C.W. 81.80.190, 81.80.020). Parties not engaged in such operations are not required by the laws of Washington to carry any insurance. Since the jurisdiction of the Commission over the character of insurance to be carried extended only to common and contract carriers, it would seem to follow that Commission's Regulation No. 68 (footnote 2) was not intended to impose an obligation upon a person whose operation was not under such a permit.